**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | |
| | C/A No. 11-05686-JW |
| It's Greek to Me, Inc. also trading as AJ's Burgers, | Chapter 11 |
| Debtor(s). | |
| IN RE: | C/A No. 11-05685-JW |
| Lagoon Road Associates, LLC, | Chapter 11 |
| Debtor(s). | |
| IN RE: | C/A No. 11-05684 |
| Vassilios Maniotis and Barbara Jean Maniotis, | Chapter 11 |
| Debtor(s). | |

**ORDER AUTHORIZING SUBSTANTIVE CONSOLIDATION**

This matter comes before the Court upon the Motions of It's Greek to Me ("Greek"), Lagoon Road Associates, LLC ("Lagoon"), and Vassilios and Barbara Maniotis (the "Maniotises") for an order substantively consolidating the three Chapter 11 bankruptcy cases. CapitalSource Bank ("CB") filed an objection, a hearing was held, and the Court took the matter under advisement. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052 and 9014, the Court makes the following findings of fact and conclusions of law:

1

# FINDINGS OF FACTS

1. Greek, Lagoon, and the Maniotises filed three separate petitions for relief under Chapter 11 of the Bankruptcy Code on September 13, 2011. Together, the Maniotises own 100 percent of Lagoon and Greek.

2. On March 13, 2008—prior to the filing of its bankruptcy petition—Lagoon entered into a loan and security agreement (the "Loan Agreement") with Mainstreet Lender Conventional, LLC. On that same date, the Maniotises and Greek signed the agreement as guarantors. CB, as Mainstreet's successor in interest and now the creditor for purposes of the Loan Agreement, is owed approximately $1.2 million.

3. Pursuant to the Loan Agreement, CB was given a first mortgage on the property located at 11 Lagoon Road, Hilton Head, South Carolina (the "Property"). A building is located on the Property in which Greek operates a restaurant where the Maniotises are employed. Also pursuant to the Loan Agreement, CB was granted a lien on all rents received by Lagoon as well as a security interest in all equipment, fixtures, furniture, and machinery of Greek. Greek's Schedule G indicated that a lease agreement between Lagoon and Greek was entered into on March 13, 2008.

4. Lagoon owes the Small Business Corporation ("SBC") approximately $1 million pursuant to another loan agreement. SBC's loan is secured by a second mortgage on the Property, and the Maniotises and Greek also signed the agreement as guarantors.

5. The Maniotises live in a small building on the Property that is separate from the structure in which Greek operates its restaurant. No evidence of a lease agreement between the Maniotises and Lagoon was presented.

6. In January 2012, the Motions to Consolidate were filed in all three cases. The Motions stated that the business operations of all three debtors have always been centered at the restaurant operated by Greek and located on the Lagoon Road Property. The Motions also stated that Greek received all restaurant receipts and made lease payments to Lagoon, and that there was significant entanglement among the assets of the Maniotises, Lagoon, and Greek, in part because the Maniotises incurred a significant amount of credit card debt for the benefit of Lagoon and Greek. The Maniotises Schedule F revealed over $100,000.00 in unsecured credit card debt.

7. CB objected to the Motions, alleging that the three cases did not meet the requirements for substantive consolidation. No other objections were filed.

8. At the hearing on the Motions, counsel for the three debtors stated that both parties acknowledged that CB was oversecured,[1] and that CB would not be harmed if substantive consolidation was granted given the fact that CB had obtained guarantees from both Greek and Debtor, had a lien on all of Greek's equipment, and was the largest creditor in all three cases. Additionally, the debtors' counsel argued that all creditors would be better off if the cases were substantively consolidated because consolidation would result in increased efficiency and lower costs, which was supported by the fact that CB and SBC represented over 90 percent of the creditors in Lagoon and Greek and over 80 percent of the creditors in the Maniotises' case. CB contended that Lagoon was allowing Greek and the Maniotises to use the Property rent free, and that the economic effect of this was that Lagoon was using CB's cash collateral without the consent of CB or the Court. Additionally, CB argued that if substantive consolidation was granted, Lagoon would no longer be a single asset case as the term was defined under the Bankruptcy Code, and therefore Lagoon would not be able to get relief from stay pursuant to 11

---

[1] It appears that the value of the Property is around $1.6 million.

3

U.S.C. § 362(d)(3).[2]  Last, CB's counsel stated that the case of In re City Loft Hotel, LLC (City Loft), Nos. 11-06127-dd, 11-06160-dd, 2012 WL 288590 (Bankr. D.S.C. Jan. 31, 2012), in which substantive consolidation was denied, was persuasive under the circumstances of this case.

## **CONCLUSIONS OF LAW**

Substantive consolidation is an action allowed by the equitable powers of 11 U.S.C. § 105, and as a result, the Court has broad discretion to determine whether substantive consolidation is appropriate.  City Loft, 2012 WL 288590 at *3; Campbell v. Cathcart (In re Derivium Cap., LLC), 380 B.R. 429, 441 (Bankr. D.S.C. 2006).  This Court has previously adopted the test set forth by the Second Circuit to determine whether to substantively consolidate bankruptcy estates.  See id. at 442 (citing Union Savings Bank v. Augie/Restivo Baking Co., Ltd. (In re Augie/Restivo Baking Co, Ltd.), 860 F.2d 515, 518 (2d Cir. 1988)).  Under this test, substantive consolidation is appropriate when 1) creditors dealt with the entities as a single economic unit and did not rely on separate identities in extending credit or 2) when the affairs of the debtor are so entangled that consolidation will benefit all creditors.  Id.

While substantive consolidation should be used sparingly, see City Loft, 2012 WL 288590 at *3, the Court finds that the bankruptcy cases of Greek, Lagoon, and the Maniotises should be substantively consolidated.  Regarding the first factor, it appears that CB dealt with Lagoon, Greek, and the Maniotises as a single economic unit and relied on the entities operating as a single unit when entering the Loan Agreement.  At the same time that CB and Lagoon entered into the Loan Agreement, the Maniotises and Greek signed the agreement as guarantors and CB was granted a lien on the assets of both Lagoon and Greek.  It is also clear that the income generated by Greek pays for the debts of Greek, Lagoon, and the Maniotises.  Therefore, it appears that CB dealt with the three debtors as a single economic unit when initially extending

---

[2] At the time of the hearing, CB stated that it intended to file a motion for relief from stay shortly after the hearing.

credit and has continued to do so since the signing of the Loan Agreement. See In re Gyro-Trac (USA), Inc., 441 B.R. 470, 487 (Bankr. D.S.C. 2010) (finding that despite the fact that "the loan issued by [creditor] was given to [debtor #2]," substantive consolidation of three bankruptcy cases was appropriate in part because "[creditor] required personal guaranties of both [debtor #1] and [debtor #3] and obtained a lien on the assets of all the entities").

Substantive consolidation would also be beneficial to the creditors in all three cases as it reduces the costs of administration. The debtors' affairs appear to be so entangled that it is best and more orderly for these cases to proceed as one under a single plan of reorganization. Additionally, the Court notes that no other creditor filed an objection, including SBC, which is the second largest creditor in all three cases. Thus, consolidation seemingly would benefit the debtors' creditors for the same reasons as stated by this Court in In re Gyro-Trac (USA), Inc.:

> [T]he cost of three separate bankruptcy reorganizations would significantly hamper Debtor's chance for success. Creditors will not be harmed by substantive consolidation; in fact, creditors will likely benefit. Substantive consolidation will not affect distributions to creditors but will actually facilitate implementation of Debtor's Plan and will allow creditors to be paid more efficiently. Allowing consolidation will also eliminate substantial confusion for creditors in determining who to look to for distributions and will ensure that creditors are paid using the reorganized debtor's combined resources. Based on the above considerations, the Court finds that substantive consolidation is warranted . . . .

Id. at 488.

Last, City Loft is distinguishable from the present circumstances. There was evidence in City Loft that the creditor objecting to substantive consolidation had only dealt with one debtor when extending credit and was unaware that the closely related entity-debtor even existed. City Loft, 2012 WL 288590 at *4. CB was not only aware of the Maniotises and Greek when it extended credit, but it obtained guaranties from both the Maniotises and Greek as essential and related parties and also obtained a lien on all of Greek's equipment. Additionally, each of the

5

entities in City Loft had distinct and separate creditors, whereas in the cases under consideration, two creditors—CB and SBC— represent over ninety percent of the creditors in Lagoon and Greek, and over eighty percent of the Maniotises' creditors. Id. at *3–*4. Last, there was evidence in City Loft that the creditor objecting to substantive consolidation was undersecured. Id. at *5. Here, there was no dispute that CB is oversecured, making it less likely that CB will be harmed by substantive consolidation. Based on these distinctions, the Court finds that City Loft is distinguishable on the issue of substantive consolidation.

## CONCLUSION

Based on the considerations mentioned above, the Court finds that substantive consolidation of the three cases is warranted. Therefore, the Motions to Consolidate are granted, and the above captioned cases are substantively consolidated, with It's Greek to Me, Inc., C/A No. 11-05686, being the lead case.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**03/07/2012**



*[signature: John E. Waites]*

Chief US Bankruptcy Judge
District of South Carolina

Entered: 03/07/2012

6